# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3648 | **DATE** | January 29, 2002 |
| **CASE TITLE** | Rowan v. Max Auto Mall, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]   Defendant Chris Hauser's motion to dismiss the complaint [ ] is granted. All claims asserted against Hauser are dismissed without prejudice. Plaintiff may amend the complaint within 21 days of the date of this Memorandum Opinion only if plaintiff is capable, consistent with the mandates of Rule 11, of stating cognizable claims against Hauser. If plaintiff does not amend his complaint within that time period, the claims against Hauser will be dismissed with prejudice. SEE ATTACHED FOR DETAILS. ENTER MEMORANDUM OPINION.

(11)  [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| X | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to _____ | |

number of notices

FEB 12 2002
date docketed

docketing deputy initials

date mailed notice

**Document Number**

19

KAM
courtroom deputy's initials

Date/time received in central Clerk's Office

KAM
mailing deputy initials

January 29, 2002

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DOCKETED

FEB 1 2 2002

| | | |
|---|---|---|
| DEREK ROWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 01 C 3648 |
| MAX AUTO MALL, INC., CRAIG HAUSER, | ) | |
| and MICHAEL J. NELSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Before the court is defendant Craig Hauser's motion to dismiss the complaint. For the reasons explained below, the motion is granted.

**BACKGROUND**

The following facts, drawn from plaintiff's complaint, are taken as true for purposes of this motion. Plaintiff, Derek Rowan, purchased a car from defendant Max Auto Mall, Inc. ("Max Auto Mall") on May 20, 2000. Defendant Michael J. Nelson is the agent at Max Auto Mall who sold Rowan the car, and defendant Craig Hauser is the owner of Max Auto Mall.

Max Auto Mall provided Rowan with an Odometer Disclosure Statement, which stated that the car's mileage was 59,961 miles.[1] The car's actual mileage was 131,000 miles. Furthermore, plaintiff

---

[1] Defendant Nelson signed the Odometer Disclosure Statement.

alleges that the car's engine "exploded" within the thirty-day warranty period and he had the car towed to Max Auto Mall for repairs, but the warranty was not honored.[2]

The complaint alleges that defendants violated the Federal Odometer Act (Count I) and the Magnuson-Moss Warranty Act (Count IV). Plaintiff also alleges the following state claims: violation of the Illinois Vehicle Code, 625 ILCS 5/3-112.1 (Count II); violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (Count III); fraud (Count V); and breach of express warranty pursuant to the Illinois Commercial Code, 810 ILCS 5/2-313 (Count VI).

Defendant Craig Hauser moves to dismiss all claims asserted against him.

### DISCUSSION

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). When evaluating such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Hentosh v. Herman M. Finch Univ. of Health Sciences, 167 F.3d 1170, 1173 (7th Cir. 1999); Jang v. A.M. Miller

---

[2] The warranty was a thirty-day limited warranty covering 100% labor and 100% parts on the car's engine and transmission, with labor to be performed by Max Auto Mall.

& Assocs., 122 F.3d 480, 483 (7th Cir. 1997). Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Jones v. General Elec. Co., 87 F.3d 209, 211 (7th Cir.), cert. denied, 519 U.S. 1008 (1996).

## A.   Count I - Federal Odometer Act

Plaintiff alleges that defendants violated the Federal Odometer Act (the "Odometer Act"), 49 U.S.C. § 32701 et seq., which creates a remedy for purchasers of vehicles who are victims of odometer fraud. See 49 U.S.C. § 32710. Hauser contends that this claim must be dismissed because plaintiff has failed to allege that Hauser is a "transferor" under the Odometer Act.

Plaintiff contends that he has asserted two types of Odometer Act claims: one for a violation of § 32703 and the other for a violation of § 32705. The relevant portion of § 32703 provides:

> A person may not--
> . . .
> (2) disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer; [or]
> . . .
> (4) conspire to violate this section or section 32704 or 32705 of this title.

49 U.S.C. § 32703. Plaintiff argues that, under the plain language of the statute, he does not have to allege that Hauser is a

transferor in order to state a claim under § 32703. We agree. But the complaint still fails to state a § 32703 claim against Hauser because it does not allege that Hauser engaged in the prohibited conduct. The complaint merely alleges that "[t]he odometer was disconnected, reset, or altered to reflect a lower mileage," (Complaint, ¶ 24), not that Hauser (or any other defendant) did so. In addition, the complaint fails to allege that Hauser or any other defendant conspired to violate §§ 32703, 32704, or 32705.

Section 32705 of the Odometer Act provides as follows:

(a)(1) Under regulations prescribed by the Secretary of Transportation, . . . a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:
    (A) Disclosure of the cumulative mileage registered on the odometer.
    (B) Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.
(2) A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation.

49 U.S.C. § 32705(a). This language indicates that plaintiff must allege that Hauser transferred ownership of a motor vehicle in order to state a claim under § 32705. The relevant regulations define a "transferor" as "any person who transfers his ownership of a motor vehicle by sale, gift, or any means other than by the creation of a security interest, and any person who, as agent, signs an odometer disclosure statement for the transferor." 49 C.F.R. § 580.3.

Here, the complaint does not allege that Hauser owned the
vehicle, that he transferred ownership of it to plaintiff, or that
Hauser signed the Odometer Disclosure Statement. In fact, the
complaint alleges that Max Auto Mall sold the car to plaintiff and
that Michael J. Nelson, as agent, signed the Odometer Disclosure
Statement. Accordingly, Count I of the complaint must be dismissed
as against defendant Hauser.

**B.   Count IV - Magnuson-Moss Warranty Act**

Count IV of the complaint asserts a claim pursuant to the
Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 (the "Warranty
Act"). Plaintiff alleges that defendants violated the terms of the
written warranty on the vehicle. Hauser argues that plaintiff
fails to state a Warranty Act claim against him.

The Warranty Act provides a remedy for consumers "damaged by
the failure of a supplier, warrantor, or service contractor to
comply with any obligation . . . under a written warranty." 15
U.S.C. § 2310(d)(1). According to plaintiff, the complaint
adequately alleges that Hauser is a "supplier," which is defined as
"any person engaged in the business of making a consumer product
directly or indirectly available to consumers," 15 U.S.C. §
2301(4), and therefore states a claim.

Plaintiff's argument overlooks the following provision of the
Warranty Act:

> [O]nly the warrantor actually making a written
> affirmation of fact, promise, or undertaking shall be

> deemed to have created a written warranty, and any rights arising thereunder may be enforced under this section only against such warrantor and no other person.

15 U.S.C. § 2310(f). Here, plaintiff sets forth no allegations suggesting that Hauser made the written warranty so as to be subject to an action under the Warranty Act. In fact, the written warranty, a copy of which is attached to the complaint as Exhibit C, shows that Hauser did not issue it. Plaintiff therefore fails to state a Warranty Act claim against Hauser. See Lindsey v. Ed Johnson Oldsmobile, Inc., No. 95 C 7306, 1996 WL 411336, at *9 (N.D. Ill. July 19, 1996) (dismissing Warranty Act claim where plaintiff failed to allege that defendant issued any written affirmation of fact, promise or undertaking).

## C. **State Law Claims**

Count III asserts a claim based on the Illinois Consumer Fraud and Deceptive Business Practices Act (the "Consumer Fraud Act"). The Consumer Fraud Act claim is based solely upon the allegedly fraudulent representation in the Odometer Disclosure Statement. To state a claim under the Consumer Fraud Act, plaintiff must plead: "(1) a deceptive act or practice, (2) intent on the defendants' part that plaintiff rely on the deception, and (3) that the deception occurred in the course of conduct involving trade or commerce." Siegel v. Levy Org. Dev. Co., 153 Ill. 2d 534, 542, 607 N.E.2d 194, 198 (1992).

Hauser contends that plaintiff fails to state a Consumer Fraud Act claim against him personally. We agree. Plaintiff points out that Count III alleges that "[d]efendants" falsely represented the car's mileage on the Odometer Disclosure Statement, but the Statement itself, attached as Exhibit A to the complaint, belies this argument. Hauser personally made no representations; his name or signature appears nowhere on the Statement. "It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 454 (7th Cir. 1998) (citing, inter alia, Bell v. Lane, 657 F. Supp. 815, 817 (N.D. Ill. 1987) (stating that "[w]here exhibits attached to a complaint negate its allegations, a court is not required to credit the unsupported allegations")). Thus, plaintiff has not alleged that Hauser acted deceptively, and Count III as asserted against Hauser must be dismissed.

Counts II and V of the complaint, which are also based solely on the allegedly fraudulent representation in the Odometer Disclosure Statement, must be dismissed as well. Count II, for violation of the Illinois Vehicle Code, alleges that "[d]efendants violated" the statute "by disclosing" on the Odometer Disclosure Statement that the car "had 59,961 miles on May 20, 2000." (Complaint, ¶¶ 31, 32.) Count V, for common-law fraud, asserts

that "[d]efendants made a false representation of fact when they certified that the vehicle's mileage was 59,961 on May 20, 2000." (Complaint, ¶ 50.) As discussed _supra_, it is clear from the Odometer Disclosure Statement itself that Hauser made no representations therein. Accordingly, plaintiff fails to allege conduct by Hauser that would constitute a claim for violation of the Illinois Vehicle Code or for fraud.

For similar reasons, plaintiff fails to state a claim against Hauser in Count VI for breach of express warranty under the Illinois Commercial Code, 810 ILCS 5/2-313. That statute provides:

> Express warranties by the seller are created as follows:
> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

810 ILCS 5/2-313(1)(a). Plaintiff fails to allege that Hauser was a "seller" or that he made any affirmation of fact or promise regarding to the car's odometer reading. And both the Odometer Disclosure Statement and the written warranty here do not evidence any representations by Hauser personally, contradicting plaintiff's allegation that all "[d]efendants made an express warranty to Plaintiff as to the odometer reading." (Complaint, ¶ 58.)

## CONCLUSION

For the foregoing reasons, defendant Craig Hauser's motion is granted. All claims asserted against Hauser are dismissed without prejudice. Plaintiff may amend the complaint within 21 days of the date of this Memorandum Opinion only if plaintiff is capable, consistent with the mandates of Rule 11, of stating cognizable claims against Hauser. If plaintiff does not amend his complaint within that time period, the claims against Hauser will be dismissed with prejudice.

DATE:     January 29, 2002

ENTER:    _____

John F. Grady, United States District Judge